UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN BLACK, #497061,

        Plaintiff,

                                            CASE NO. 2:10-CV-13368
v.                                          HONORABLE STEPHEN J. MURPHY

CORRECTIONS OFFICERS,

        Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Before the Court is Plaintiff Ivan Black's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Black, a Michigan prisoner currently confined at the Maxey/Woodland Correctional Facility in Whitmore Lake, Michigan, has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, Black alleges the following:

> The first weekend in August I was passed by all mean a extrace pill at Woodland Center. I am A study that studies drugs. I am I will say it was a joke put on by staff over my small debt in the street. I was hospitalized 3:45 am in Ann Arbor, Michigan. I don't know how the jujune joke was pulled but I am pressing charges towards date of incident 8-1-2010 thru 8-9-2010 hospitalized 8-4-2010. But please believe me and come check me to my home. I'm mild.

Complaint, p. 3. Plaintiff names "Corrections Officers" as the defendants in this action and seeks "$10,000 quindecillion" per year for 250 years, trans-gender medication, $50 billion a day for pain and suffering, and release from prison with $1,000 for rent. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

1

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c) (requiring a "prior showing of physical injury" in order for relief to be granted); 28 U.S.C. § 1915(e)(2)(B) (permitting dismissal of frivolous actions). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact when the factual contentions are "clearly baseless" in that they describe "fantastic" or "delusional" scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). A complaint is factually frivolous if "the facts alleged rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 32-33.

In this case, Black's allegations that corrections officers slipped him an ecstasy pill as a joke are irrational and baseless. Courts have dismissed complaints alleging

2

similarly unbelievable scenarios. *See, e.g., Taylor v. Rockford Police Dept.*, 165 F.3d 33, 1998 WL 783957 at *1 (7th Cir. 1998) (unpublished) (affirming dismissal of complaint as frivolous where plaintiff alleged that police attempted to kill him, there was a multi-agency conspiracy to cover up the assaults, the attorney general's office faked a trial, and he was issued a fraudulent marriage license); *Kabbe v. City of San Diego*, 139 F.3d 905, 1998 WL 80375 at *1 (9th Cir. 1998) (unpublished) (affirming dismissal of complaint where plaintiff alleged defendants intercepted and broadcasted her thoughts); *Williams v. Hart*, 930 F.2d 36, 1991 WL 47118, *2 (10th Cir. 1991) (unpublished) (prisoner's claim of intentional exposure to AIDS through razor switching was delusional and dismissed as frivolous); *Sandles v. Randa*, 945 F. Supp. 169, 171 (E.D. Wis. 1996) (dismissing complaint as frivolous under § 1915A(b) where plaintiff alleged that defendants fabricated a federal statute in order to imprison him).

Additionally, Black's allegations are vague and conclusory. He neither identifies any particular defendant, nor provides any details about the event in question. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948-49 (2009) (stating that Federal Rule of Civil Procedure 8 demands more than "unadorned" accusations and that a complaint must contain more than "naked assertions" of improper conduct); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Bare allegations of intent or malice are also insufficient to establish a constitutional violation. *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003). Black has thus failed to

3

state a claim upon which relief may be granted in his complaint.

For the reasons stated, the Court concludes that Plaintiff Ivan Black has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the Court **DISMISSES WITH PREJUDICE** his civil rights complaint.  The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  September 9, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager